IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN C. SCOTCHEL, JR.,

    Plaintiff,

v.             CIVIL ACTION NO. 2:17-cv-03353

ALLAN N. KARLIN, individually,
and also known as,
Allan N. Karlin and Associates, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiff John C. Scotchel, Jr. ("Mr. Scotchel") brings this action against Defendants Brent D. Benjamin, Robin Jean Davis, Menis E. Ketchum, Allen H. Loughry II, The West Virginia State Bar, Margaret L. Workman (collectively "WV State Bar"), Rachael L. Fletcher Cipoletti, Lawyer Disciplinary Board, and Jessica H. Donahue Rhodes (collectively "LDB") alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983, specifically alleging deprivations of both his federal due process and equal protections rights by state actors regarding his attorney disciplinary proceedings which resulted in the annulment of Mr. Scotchel's West Virginia law license. Pending before the Court are: WV State Bar's Motion to Dismiss, (ECF No. 15); LDB's Motion to Dismiss, (ECF No. 17); and Mr. Scotchel's Motion for Preliminary Injunction, (ECF No. 24). For the reasons discussed below, the Court **GRANTS** WV State Bar's Motion to

1

Dismiss, **GRANTS** LDB's Motion to Dismiss, and **DENIES** Mr. Scotchel's Motion for Preliminary Injunction.

## I. BACKGROUND

This case arises out of attorney disciplinary proceedings, which resulted in the annulment of Mr. Scotchel's license to practice law in West Virginia by the Supreme Court of Appeals of West Virginia. *Lawyer Disciplinary Bd. v. Scotchel*, 768 S.E.2d 730 (2014). After five years of investigation, a Hearing Panel Subcommittee of the West Virginia Office of Disciplinary Counsel recommended that Mr. Scotchel's law license be annulled, and the Supreme Court of Appeals upheld that recommendation. *Id*. at 750. Mr. Scotchel attempted to challenge the decision of the Supreme Court of Appeals by filing a civil action in the Circuit Court of Monongalia County, West Virginia. Civil Action No. 15-C-524, Circuit Court of Monongalia County, West Virginia (ECF No. 16-1). However, that case was ultimately dismissed with prejudice on the bases of res judicata and collateral estoppel. (*Id*. at -2). Following the decision of the Circuit Court of Monongalia Court, Mr. Scotchel filed the instant Complaint in the Western District of Pennsylvania, which was transferred to this Court on June 21, 2017. (ECF No. 59.)

Mr. Scotchel alleges that the ethics complaint filed against him was improperly filed due to forgery and that if it had not been filed, no disciplinary charges would have been brought against him and his law license would not have been annulled. (Compl., ¶¶ 39, 60–66.) He further maintains that he presented sufficient evidence to overturn the charges against him, even though his license was ultimately annulled. (Compl., ¶¶ 171, 178–78, 222, 240.) Mr. Scotchel alleges that his disciplinary process lacked due process, including being denied the right to cross-examine his accusers. (ECF No. 38 at 3–4.) He asserts that his hearing before the Hearing Panel

2

Subcommittee was tainted by misleading information and an attempt to "stack the deck," effectively denying his right to a fair hearing by an impartial and unbiased tribunal. (*Id*. at 5–6.) Mr. Scotchel also maintains that the "State Defendants . . . knowingly failed to apply the administrative disciplinary procedures equally to Plaintiff." (*Id*. at 6.) Ultimately, Mr. Scotchel alleges that these actions deprived him of his federal rights and resulted in "the entire ethics complaint process [being] defective and invalid." (*Id*. at 6–8.)

LDB filed their motion to dismiss on March 14, 2017. (ECF No. 15.) WV State Bar filed their motion to dismiss on March 14, 2017. (ECF No. 17.) Mr. Scotchel filed a combined response to Defendants' motions to dismiss on April 25, 2017. (ECF No. 38.) LDB filed their reply in support of the motion on May 2, 2017. (ECF No. 40.) WV State Bar filed their reply on May 5, 2017. (ECF No. 44.) Mr. Scotchel filed a motion for leave to file a sur-reply as a combined response to both replies by Defendants on May 8, 2017.[1] (ECF No. 45.) As such, both motions to dismiss are fully briefed and ripe for adjudication.

Mr. Scotchel filed a Motion for Preliminary Injunction on March 15, 2017. (ECF No. 24.) Judge Mark R. Hornak of the Western District of Pennsylvania deferred ruling on the motion and held briefing in abeyance pending further order of the court finding that "the relief sought in this Motion essentially merges with the ultimate equitable relief sought in this case." (ECF No. 29.) Following the transfer to this Court, the undersigned ordered that the response deadlines for the motion continue to be held in abeyance pending disposition of the motions to dismiss. (ECF No. 66.)

## II. STANDARD OF REVIEW

---

[1] The Court **GRANTS** Mr. Scotchel's Motion for Leave to File a Sur-reply, (ECF No. 45), and will consider his sur-reply.

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Id.* Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III. DISCUSSION

#### A. WV State Bar's Motion to Dismiss

WV State Bar's memorandum of law in support of their motion to dismiss argues that this Court should grant their motion to dismiss on the following grounds: the *Rooker-Feldman* doctrine, the *Buford* doctrine, the *Younger* doctrine, judicial immunity, qualified immunity, the

4

Eleventh Amendment, res judicata, collateral estoppel, the applicable statute of limitations, personal jurisdiction, and improper venue. (*See* ECF No. 16.) Specifically, WV State Bar argues that the *Rooker-Feldman* doctrine applies here because Mr. Scotchel's claims have already been litigated before the Supreme Court of Appeals of West Virginia during his disciplinary proceedings and before the Circuit Court of Monongalia County, West Virginia where he challenged the disciplinary proceedings. (ECF No. 16 at 11–14; 16-2 (Civil Action No. 15-C-524).) Mr. Scotchel does not dispute the procedural history of this case. In a combined response to both motions to dismiss, Mr. Scotchel argues that none of the doctrines barring suit apply in this case, largely on the basis that he is asserting violations of § 1983. (*See* ECF No. 38.) He maintains that the *Rooker-Feldman* doctrine is inapplicable to this case because "no federal §1983 claims have ever been litigated in the state court case."[2] (*Id*. at 15.) The Court finds that the *Rooker-Feldman* doctrine applies and bars this Court from allowing Plaintiff to proceed.

The *Rooker-Feldman* doctrine is a jurisdictional bar. *See American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311 (4th Cir. 2003). Under *Rooker-Feldman*, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994). The key question "is whether a party seeks the federal district court to review a state court decision and thus pass on the merits of that state decision." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997). To put it another way, the question is whether the party "sues in federal district court to

---

[2] The Court also notes Mr. Scotchel's concern that these briefings were filed in the Western District of Pennsylvania and referenced Third Circuit law. However, there is no difference between Third and Fourth Circuit law that would have an impact on this Court's analysis or the merits of the motions to dismiss.

readjudicate the same issues decided in the state court proceedings." *Brown & Root, Inc. v. Brekenridge*, 211 F.3d 194, 201 (4th Cir. 2000).

The *Rooker-Feldman* doctrine is a jurisdictional bar that aims to prevent a losing party from trying to get another look, and possibly a more favorable result, in federal court after having their case adjudicated in state court. Here, it is clear that Mr. Scotchel has attempted to file his Complaint in federal district court to re-adjudicate the same issues decided in the state court proceedings. The claims in his state court complaint are exceedingly similar to his Complaint filed before this Court, but Mr. Scotchel argues that he is now claiming § 1983 violations, which have not been adjudicated in state court. (*See* ECF No. 38 at 15.) However, it appears that Mr. Scotchel merely added references to § 1983 in his Complaint before this Court as an attempt to insert "magic words," hoping that this Court would recognize those references as sufficient to prevent any type of abstention doctrine or res judicata from barring his claim. This Court does not find these references sufficient as his "suit was brought in the face of the 'well-settled rule' that a plaintiff may not seek reversal of a state-court judgment simply by casting his complaint in the form of a civil rights action; Supreme Court and [Fourth] Circuit precedent 'clearly prohibit[ed]' the effort made by petitioner." *Hagerty v. Succession of Clement*, 749 F.2d 217 (5th Cir. 1984); cert. denied, 474 U.S. 968, 969 (1985) (Burger, Chief J., concurring).

Furthermore, it is clear that Mr. Scotchel is seeking a re-adjudication of his claims against the Defendants in this matter. His claims were addressed and ruled against in a comprehensive analysis by the Supreme Court of Appeals of West Virginia. *Lawyer Disciplinary Board v. John C. Scotchel, Jr.*, 768 S.E.2d 730 (W. Va. 2014). Mr. Scotchel has also had these claims addressed and ruled against in the Circuit Court of Monongalia County, West Virginia, where he had his

complaint, which is extremely similar to the complaint filed before this Court, dismissed with prejudice on the basis of res judicata, which he did not appeal. Civil Action No. 15-C-524, Circuit Court of Monongalia County, West Virginia (ECF No. 16-1, -2.). Yet, instead of appealing the decisions of the aforementioned West Virginia state courts through the proper channels, Mr. Scotchel seeks the review of this Court. It is improper and not within the power of this Court to entertain the review of such a claim by Mr. Scotchel who is unhappy with the decision of the state courts. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Thus, this Court is without jurisdiction to adjudicate these claims as the same claims have already been adjudicated twice by West Virginia state courts. Therefore, the Court must abstain from such a ruling, and **GRANTS** West Virginia State Bar's motion to dismiss.

B. *LDB's Motion to Dismiss*

For the reasons set forth above, the Court finds that Plaintiff's action is barred by the *Rooker-Feldman* doctrine and **GRANTS** LDB's Motion to Dismiss.

C. *Plaintiff's Motion for Preliminary Injunction*

Upon the finding that Plaintiff's action is barred under the *Rooker-Feldman* doctrine, the Court **DENIES** Plaintiff's Motion for Preliminary Injunction as **MOOT**.

IV. CONCLUSION

Accordingly, the Court **GRANTS** WV State Bar's Motion to Dismiss, (ECF No. 15), **GRANTS** LDB's Motion to Dismiss, (ECF No. 17), and **DENIES AS MOOT** Plaintiff's Motion for Preliminary Injunction, (ECF No. 24). As there are no remaining defendants, the Court **DIRECTS** the Clerk to remove this case from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 26, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE