IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN C. SCOTCHEL, JR.,

        Plaintiff,

v.                                CIVIL ACTION NO. 2:17-cv-03353

ALLAN N. KARLIN, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Before this Court is Plaintiff John C. Scotchel, Jr.'s ("Plaintiff") Motion to Alter or Amend the Judgment or, in the Alternative, for Leave to File an Amended Complaint. (ECF No. 70.) Also before this Court is a Cross-Motion for Sanctions filed by Defendants Jessica H. Donahue Rhodes, Rachael L. Fletcher Cipoletti, Steven K. Nord, and the Lawyer Disciplinary Board (collectively, "LDB Defendants"). (ECF No. 73.) For the reasons explained more fully herein, Plaintiff's motion, (ECF No. 70), is **DENIED**. LDB Defendants' motion, (ECF No. 73), is **GRANTED**.

*I.    BACKGROUND*

This case arises from attorney disciplinary proceedings that resulted in the annulment of Plaintiff's license to practice law in West Virginia. *See Lawyer Disciplinary Bd. v. Scotchel*, 768 S.E.2d 730 (W. Va. 2014). The facts of this case are detailed at length in the opinion of the West Virginia Supreme Court of Appeals and will not be repeated here. Plaintiff filed an action in the Circuit Court of Monongalia County, West Virginia, to challenge the annulment. (*See* ECF No.

1

16-1.) The action was dismissed with prejudice on grounds of *res judicata* and collateral estoppel, among other reasons. (ECF No. 16-2.)

Plaintiff then filed the above-styled matter in the United States District Court for the Western District of Pennsylvania, and it was transferred to this Court on June 21, 2017. (*See* ECF No. 59.) In a Memorandum Opinion and Order entered on March 26, 2018, this Court dismissed the action as barred by the *Rooker–Feldman* doctrine because it alleges claims that "have already been adjudicated twice by West Virginia state courts." (ECF No. 67 at 7.)

On April 20, 2018, Plaintiff timely filed his Motion to Alter or Amend the Judgment or, in the Alternative, for Leave to File an Amended Complaint. (ECF No. 70.) Defendants Brent D. Benjamin, Robin Jean Davis, Menis E. Ketchum, Margaret L. Workman, Allen H. Loughry, II, Anita Casey, and the West Virginia State Bar (collectively, "State Bar Defendants") timely responded. (ECF No. 72.) LDB Defendants also filed a timely response, and in the same document, a cross-motion for sanctions. (ECF No. 73.)[1] Plaintiff filed a timely combined reply. (ECF No. 74.) As such, the motions are fully briefed and ripe for adjudication.

## II. DISCUSSION

*A. Motion to Alter or Amend Judgment or for Leave to File Amended Complaint*

Plaintiff argues that this Court erroneously applied the *Rooker–Feldman* doctrine to this case and urges this Court to modify its order dismissing the matter. (*See* ECF No. 71.) Pursuant to Federal Rule of Civil Procedure 59(e), this Court "may alter or amend the judgment if the movant shows . . . (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010). Absent one of these grounds, the

---

[1] Generally, "[a] motion for sanctions must be made *separately* from any other motion." Fed. R. Civ. P. 11(c)(2) (emphasis supplied). However, this Court excuses LDB Defendants' failure to comply with the rule in this instance.

motion may not be granted. *See United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 210 (4th Cir. 2017) ("Rule 59(e) motions can be successful in only three situations . . . ."). Plaintiff contends that the first and third grounds warrant a modification here. (ECF No. 71 at 1.)

First, Plaintiff asserts that *In re Philadelphia Entertainment & Development Partners, LP*, 879 F.3d 492 (3d Cir. 2018), constitutes "an intervening change in the controlling law," *Robinson*, 599 F.3d at 407. (ECF No. 71 at 2, 4–5.) As an initial matter, only decisions of the United States Supreme Court and the Fourth Circuit Court of Appeals are binding on this Court. *See Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540–41 (4th Cir. 2017) (describing Supreme Court and Fourth Circuit precedent as "cases of controlling authority" for district court). Precedent from the Third Circuit is not "controlling law."

Even if this Court were bound by *Philadelphia Entertainment*, it would not affect the result in this case. The debtor in *Philadelphia Entertainment* obtained a license to operate slot machines in Pennsylvania for a fee of $50 million. 879 F.3d at 495. The debtor's license was eventually revoked, and that decision was upheld on appeal. *Id.* at 495–96. The debtor then filed a bankruptcy petition and began an adversary proceeding in which it claimed that the revocation constituted a fraudulent transfer and requested the return of the $50 million license fee. *Id.* at 496. The bankruptcy court dismissed the adversary complaint, holding that the *Rooker–Feldman* doctrine barred the debtor's "claim for the value of the license" because "the right to be compensated for the value of the license is the 'functional equivalent' of the right to retain the license." *Id.* at 497.

The Third Circuit reversed, holding that the debtor's assertion of a fraudulent transfer was independent of the state court orders upholding the revocation of the debtor's license. *Id.* at 500–01. Of interest here, the Third Circuit noted that the bankruptcy court's assessment of the debtor's

3

claim could begin with the presumption that "the correct result [was reached] under state law." *Id.* at 501. That is, in making its decision, the bankruptcy court would not review the merits of the state court's order, nor would it examine whether the debtor's license was properly revoked. *See id.*

In this case, by contrast, the very relief Plaintiff seeks is for this Court to undo the state courts' judgment and reinstate his law license. (*See* ECF No. 58 at 2–3.) Plaintiff attempts to frame his action as a gripe about the procedures those courts used to annul his license, but his complaint makes clear that the only "procedure" to which he objects is Defendants' use of a "fraudulent" statement to initiate an investigation against him. (*See* ECF No. 1 at 16–18, 76–80.) Much of the complaint challenges Defendants' evaluation of the evidence used in Plaintiff's disciplinary proceeding and continues to maintain that he did not violate any of the West Virginia Rules of Professional Conduct. (*See id.* at 39–62.) He further alleges that State Bar Defendants did not adequately review his appeal. (*See id.* at 80–83.) Notably, the complaint fails to describe how Defendants' conduct is connected to a violation of Plaintiffs' federal rights. His claims are entirely based on alleged violations of state law. (*Id.* at 83–109.)[2] A fair reading of the complaint reveals that this action is merely a "case[] brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). That is, it falls squarely within the realm of cases prohibited by the *Rooker–Feldman* doctrine. *See id.*

---

[2] Plaintiff argues that he brings his claims pursuant to 42 U.S.C. § 1983, but his complaint mentions that statute only once, in the section labeled "Jurisdiction and Venue." (ECF No. 1 at 10.) He asserts that because he never raised claims under § 1983 in the state court proceedings, this Court may exercise jurisdiction over the action. (ECF No. 71 at 5; ECF No. 74 at 2.) However, the theory of the case asserted in the state court proceedings is not the focus of the *Rooker–Feldman* doctrine. *See Thana v. Bd. of License Comm'rs*, 827 F.3d 314, 320 (4th Cir. 2016) (distinguishing *Rooker–Feldman* doctrine and "[p]reclusion principles").

Plaintiff also urges this Court to modify its previous order to correct "a clear error of law." *Robinson*, 599 F.3d at 407. Specifically, Plaintiff contends that this Court failed to recognize that the judgment below is void because Defendants had no "subject matter jurisdiction over [him]" in the disciplinary proceeding. (ECF No. 71 at 5.) Plaintiff's argument, which is based on LDB Defendants' acceptance of a "fraudulent" ethics complaint, (*id.* at 5–6), was considered and rejected by the West Virginia Supreme Court of Appeals. *Scotchel*, 768 S.E.2d at 743. Plaintiff also presented the argument to the Circuit Court of Monongalia County, (*see* ECF No. 16-1), which concluded, by dismissing Plaintiff's complaint on grounds of *res judicata* and collateral estoppel, (ECF No. 16-2), that jurisdiction was proper. *See* Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 498 S.E.2d 41 (1997) (noting that for *res judicata* to apply, "there must have been a final adjudication on the merits in the prior action *by a court having jurisdiction of the proceedings*" (emphasis supplied)). Plaintiff appealed neither the decision of the West Virginia Supreme Court of Appeals nor that of the Circuit Court of Monongalia County. Instead, he brings his arguments to this Court. This is a conspicuous attempt to "sidetrack[]" "the process for appealing a state court judgment to the Supreme Court [of the United States] under 28 U.S.C. § 1257(a) . . . by an action filed in a district court <u>specifically</u> to review that state court judgment." *Thana v. Bd. of License Comm'rs*, 827 F.3d 314, 320 (4th Cir. 2016) (emphasis in original). In other words, as this Court has already concluded, this action is barred by the *Rooker–Feldman* doctrine. *See id.*

Further, Plaintiff requests leave to amend his complaint "in order to distinguish the issues in this case from those before [the state courts] . . . and . . . clearly lay[] out the equitable relief sought pursuant to 42 U.S.C. § 1983." (ECF No. 71 at 7.) As an initial matter, this case has been pending for nearly two years, and the time for Plaintiff to properly allege that his federal rights were violated has passed. More importantly, however, this Court "may not grant a post-judgment

5

motion to amend the complaint unless [it] first vacates its judgment pursuant to [Federal Rules of Civil Procedure] 59(e) or 60(b)." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 (4th Cir. 2011). As this Court **DENIES** Plaintiff's motion to alter or amend the judgment, it likewise **DENIES** Plaintiff's motion to amend the complaint.

   *B. Motion for Sanctions*

LDB Defendants argue that sanctions against Plaintiff are appropriate "[b]eacause Plaintiff has sought to relitigate this issue in multiple forums, has refused to accept this Court's and other courts' dismissals of his claims, and is seeking a remedy . . . that cannot be had." (ECF No. 73 at 16.) This Court may, "after notice and a reasonable opportunity to respond, . . . impose an appropriate sanction" for violations of Federal Rule of Civil Procedure 11(b). Fed. R. Civ. P. 11(c)(1).[3]

As relevant here, Rule 11(b) requires an "unrepresented party" to certify that a pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(1), (2). The pleadings Plaintiff has filed in this case fall short of these requirements. As this Court has explained, this action is a thinly veiled attempt to have this Court invalidate the state courts' orders annulling Plaintiff's law license. Even after being placed on notice when this matter was pending before the United States District Court for the Western District of Pennsylvania that the *Rooker–Feldman* doctrine might apply, (*see* ECF Nos. 12, 16), Plaintiff persisted in asserting claims that

---

[3] "Rule 11 sanctions are collateral to the merits of an action[,] and . . . the interest in having rules of procedure obeyed . . . does not disappear upon a subsequent determination that the court was without subject-matter jurisdiction." *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1009 (4th Cir. 2014) (en banc) (alteration and internal quotation marks omitted).

6

were legally meritless. Tellingly, the complaint Plaintiff filed in this action, (ECF No. 1), is nearly identical to the one he filed to challenge the annulment of his law license in the Circuit Court of Monongalia County, (ECF No. 16-1). Plaintiff merely added a single reference to a federal statute in an effort to pull the wool over this Court's eyes. (ECF No. 1 at 10.) He did not even attempt to assert a violation of his federal rights in the complaint in this case.

Moreover, even if some doubt about the applicability of the *Rooker–Feldman* doctrine remained, this Court made clear in its Memorandum Opinion and Order dismissing this case on March 26, 2018, that it is prohibited by the *Rooker–Feldman* doctrine from granting Plaintiff the relief he seeks. (ECF No. 67.) Plaintiff nonetheless continues to advance the same arguments that he has made since the disciplinary proceedings were first instituted against him—the same arguments that were made to and rejected by the West Virginia Supreme Court of Appeals and the Circuit Court of Monongalia County. (*See* ECF Nos. 71, 74.) This Court has explained that it is without authority to undo those courts' orders and reinstate Plaintiff's law license. Accordingly, this Court **ORDERS** Plaintiff to reimburse LDB Defendants for "the reasonable attorney's fees and other expenses" LDB Defendants have incurred in defending this action, not to exceed $2,000.00. Fed. R. Civ. P. 11(c)(4). However, this Court declines to "enter an order preventing Plaintiff from filing . . . similar claims . . . in other jurisdictions." (ECF No. 73 at 20.)

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion, (ECF No. 70), is **DENIED**. LDB Defendants' motion, (ECF No. 73), is **GRANTED**, and Plaintiff is **ORDERED** to reimburse LDB Defendants for their reasonable attorney's fees and other expenses incurred in this action, up to an amount of $2,000.00.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 11, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE